**Jay STEINBERG, as trustee in bankruptcy of Ted's Plumbing, Inc., Plaintiff–Appellant,**

**v.**

**Helen BUCZYNSKI and Ted Buczynski, Defendants–Appellees.**

No. 94–1648.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 3, 1994.

Decided Nov. 17, 1994.

Mark K. Schoenfield, Leonard A. Nelson (argued), Schoenberg, Fisher & Newman, Chicago, IL, for trustee-appellant.

Jeffrey Strange (argued), Strange & Associates, Wilmette, IL, for debtors-appellees.

* Hon. Albert J. Engel of the Sixth Circuit.

Before POSNER, Chief Judge, and CUMMINGS and ENGEL,* Circuit Judges.

POSNER, Chief Judge.

Ted's Plumbing, Inc., a minuscule plumbing concern, owed $29,000 to the plumbers' union pension fund for contributions that ERISA required Ted's to make to the fund for one of the two or three plumbers that Ted's employed. The fund obtained a judgment against Ted's for treble this amount plus attorney's fees; the total judgment was $111,000. Ted's declared bankruptcy. The trustee brought an adversary proceeding against its shareholders, Ted Buczynski and his wife Helen, seeking to pierce the corporate veil and hold them personally liable for the corporation's debt to the pension fund. The bankruptcy judge refused to allow the veil to be pierced, and the district judge affirmed, precipitating this appeal by the trustee.

■ Before considering the merits of the appeal, we must satisfy ourselves that the case is within the bankruptcy jurisdiction of the federal courts. The role of a trustee in bankruptcy, so far as bears on this case, is to collect any money that may be owing to the bankrupt entity, in this case Ted's Plumbing. 11 U.S.C. § 704(1); *Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1342–43 (7th Cir.1987). So we must consider whether the Buczynskis owe money to Ted's. The trustee's argument for piercing the veil is that the Buczynskis disregarded prescribed corporate formalities—never held formal shareholders' meetings or kept corporate minutes—and paid some of their personal expenses with checks issued by the corporation. The trustee does not argue, however, that the Buczynskis "looted" or otherwise injured the corporation by taking money from it in this way. So far as appears, they took no more than what would have been a reasonable amount in salary, merely omitting the formality of having salary checks issued to them and paying the personal expenses in question by personal check. Ted's was a Subchapter S corporation and the Buczynskis properly reported the corporate payments of their per-

sonal expenses as personal income. There is no indication that they did a wrong to the corporation, the IRS, or anyone else.

Yet the trustee claims to be suing on behalf of the corporation, which implies that the corporation *must* have been injured, since otherwise it would not have a claim; and the trustee has no authority to enforce claims other than claims of the debtor, in this case the corporation, Ted's. *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972). But when pressed at argument, the trustee was unable to identify any injury to the corporation resulting from the Buczynskis' disregard of formal niceties; nor can we find any suggestion of injury in any of the papers in the case.

■ We do not question the right of a trustee in bankruptcy to maintain a "veil piercing" suit on behalf of the bankrupt corporation, *Koch Refining v. Farmers Union Central Exchange, Inc., supra,* 831 F.2d at 1346; *In re Kaiser,* 791 F.2d 73, 75 (7th Cir.1986); *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.,* 884 F.2d 688, 696–700 (2d Cir.1989), but the qualification "on behalf" must be stressed. If the corporation is injured by the shareholders' disregard of corporate formalities, or stated differently but equivalently if a claim against the shareholders arising from their disregard of corporate formalities is the property of the corporation, then the trustee can sue; otherwise he cannot. *Id.* at 700; *Koch Refining v. Farmers Union Central Exchange, Inc., supra,* 831 F.2d at 1344, 1347–49; *Kalb, Voorhis & Co. v. American Financial Corp.,* 8 F.3d 130 (2d Cir.1993); *In re Ozark Restaurant Equipment Co.,* 816 F.2d 1222 (8th Cir.1987).

■ Even if the corporation was not actually injured by the Buczynskis' disregard of corporate formalities, we can imagine an argument that their disregard is a species of wrongdoing that entitles the corporation to recapture all the corporate moneys that the Buczynskis, however harmlessly (for they could have had the corporation pay the moneys to them in the form of salary), diverted to their personal expenses. In that event the corporation would have a claim against the Buczynskis, and the trustee could enforce it. He seems to be gesturing toward such an argument when he says in his brief that "the commingling of corporate and personal assets would have given the Corporation, had it been independently controlled, the right to recover its property." But he does not develop the argument sufficiently to enable us to evaluate it, and anyway it is implausible. As sole shareholders, the Buczynskis were entitled to ratify the diversion of corporate assets to noncorporate purposes, provided the rights of creditors were not prejudiced. *Dannen v. Scafidi,* 75 Ill.App.3d 10, 30 Ill. Dec. 899, 903–04, 393 N.E.2d 1246, 1250–51 (1979). They were not, if (as we must assume) the shareholders took no more out of the corporation to pay their personal expenses than they would have been entitled to receive as salary from the corporation. Ted's might for all we know have had an agreement with a particular creditor that limited the corporation's right to divert corporate assets to the shareholders, but if so that would be a basis for *that* creditor's suing them; it would not give rise to a claim by the corporation and hence by the trustee.

The trustee argues that since he is, in fact, the plaintiff in this adversary proceeding against the Buczynskis, any judgment he obtains will enure to the benefit of the bankrupt estate; he is therefore suing on behalf of the estate, as he is authorized to do. This reasoning is perfectly circular. Suppose a neighbor of the Buczynskis had slipped on ice in front of their house. Could the trustee sue the Buczynskis, on the theory that if the suit succeeded the proceeds of the suit would go to the bankrupt estate (though just until claimed by the injured neighbor, the equitable beneficiary of the proceeds)? To ask the question is to answer it.

■ As in our hypothetical about the slip and fall, the only injured person here is the pension fund. If by virtue of the doctrine of piercing the corporate veil the injury is actionable in a suit against the Buczynskis personally—if, by virtue of that doctrine (for shareholders are not otherwise personally liable for the ERISA contributions due from their corporation, see *Plumbers' Pension Fund v. Niedrich,* 891 F.2d 1297, 1299–1301 (7th Cir.1989); *Levit v. Ingersoll Rand Fi-*

*nancial Corp.,* 874 F.2d 1186, 1192–94 (7th Cir.1989)), they stand in the shoes of their corporation as debtors to the pension fund—the fund can sue them directly, outside of bankruptcy, since neither the fund nor the Buczynskis are bankrupt. *Lumpkin v. Envirodyne Industries, Inc.,* 933 F.2d 449, 463 (7th Cir.1991); *Ashland Oil, Inc. v. Arnett,* 875 F.2d 1271, 1280 (7th Cir.1989); *Bankers Trust Co. v. Rhoades,* 859 F.2d 1096, 1101 (2d Cir.1988). The fund can sue them; the trustee cannot. When a third party has injured not the bankrupt corporation itself but a creditor of that corporation, the trustee in bankruptcy cannot bring suit against the third party. He has no interest in the suit.

■ The claim in such a case is said to be "personal," not "general." *Koch Refining v. Farmers Union Central Exchange, Inc., supra,* 831 F.2d at 1348; *Lumpkin v. Envirodyne Industries, Inc., supra,* 933 F.2d at 463. That is not an illuminating usage. The point is simply that the trustee is confined to enforcing entitlements of the corporation. He has no right to enforce entitlements of a creditor. He represents the unsecured creditors of the corporation; and in that sense when he is suing on behalf of the corporation he is really suing on behalf of the creditors of the corporation. But there is a difference between a creditor's interest in the claims of the corporation against a third party, which are enforced by the trustee, and the creditor's own direct—not derivative—claim against the third party, which only the creditor himself can enforce. The difference requires that this adversary proceeding be dismissed for want of jurisdiction and all previous orders and opinions in the case be vacated.

So ORDERED.