### In re John W. MILLER
### SS # 244–92–0698, Debtor.

**Wayne SIGMON, Trustee in Bankruptcy for John W. Miller, Plaintiff,**

v.

**MILLER–SHARPE, INC., John W. Miller, Donald R. Sharpe, Teresa H. Sharpe, Nancy P. Miller, Cecelia Miller, Robert C. Gunst, and the John W. Miller Limited Partnership, Defendants.**

**No. 3:96–MC–20–P.**
**Bankruptcy No. C–B–95–30199.**
**Adversary No. 95–3048.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 18, 1996.

Wayne Sigmon, Gastonia, NC, Pro Se.

James L. Fretwell, Thomas B. Rallings, Jr., Mitchell, Rallings, Singer, McGirt & Tissue, Charlotte, NC, for Miller Sharpe, Incorporated, John W. Miller, Donald R. Sharpe, Teresa H. Sharpe.

Nancy P. Miller, Cary, NC, Pro Se.

Cecelia Miller, Lenoir, NC, Pro Se.

Barbara J. Dean, Cansler, Lockhart & Evans, P.A., Charlotte, NC, for Robert C. Gunst.

Richard M. Mitchell, Mitchell, Rallings, Singer, McGirt & Tissue, Charlotte, NC, Pro Se.

Thomas B. Rallings, Jr., Mitchell, Rallings, Singer, McGirt & Tissue, Charlotte, NC, Pro Se.

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on the motion of Robert C. Gunst to dismiss the Trustee's complaint. For the reasons stated herein, his motion to dismiss will be granted.

## I. BACKGROUND

This adversary proceeding began as a civil action filed by USF & G in May of 1994 against Miller Sharpe, Inc., John W. Miller, Donald P. Sharpe, and Teresa H. Sharpe alleging a claim for indemnification under a Master Surety agreement. Later, USF & G amended its complaint adding other claims and parties.

Subsequently, an involuntary petition for bankruptcy was filed against John Miller, and an order of relief was entered. The civil action was referred to the Bankruptcy Court for processing as an adversary proceeding. On June 15, 1995, Wayne Sigmon, Trustee in Bankruptcy for John Miller, moved to be substituted as party plaintiff, and to add Cecelia Miller, Robert C. Gunst, and Southpac Trust International Inc., as additional defendants. That motion was granted.

In his amended complaint, the Trustee alleges that Miller consulted with Gunst for the purpose of engaging in fraudulent conveyances to the detriment of Miller's creditors. The basic theme of the complaint is that Miller obtained bonding from USF & G and loans from Park Meridian Bank and Centura Bank by offering to personally guarantee these obligations. Then Miller transferred his personal assets into a trust, and later, converted those assets into cash in order to avoid honoring his obligations as surety or guarantor. The Trustee has named Gunst because of his alleged involvement in these schemes including the creation of the trusts that received Miller's assets as part of Miller's scheme to defraud his creditors.

## II. DISPOSITION

Gunst has raised four objections to the Memorandum and Proposed Order of the Bankruptcy Court which denied his motion to dismiss. His first claim is that the Bankruptcy Court erred when it held that the Trustee had standing to pursue the claims for unfair and deceptive trade practices, civil conspiracy, and fraudulent practice by an attorney in violation of N.C.G.S. § 84–13.

This Court believes that issue is dispositive as far as the complaint relates to Gunst.

Gunst claims that the Bankruptcy Court erred when it held that the Trustee had standing to pursue the various claims asserted against Gunst in the adversary proceeding. Here, Gunst argues that the Trustee has no standing to pursue causes of action "owned" by individual creditors of the Debtor (as opposed to causes of action that belong to the Debtor which are property of the estate and can be brought by the Trustee pursuant to § 541).[1] So saying, Gunst argues that the Trustee has no authority to bring actions on behalf of individual creditors, and therefore, he has no authority to bring the actions listed above. The Trustee does not answer this argument head-on—at least so far as it concerns who "owns" the cause of action asserted by the Trustee. Instead, the Trustee takes the position that he has standing to assert these causes of action under 11 U.S.C. § 544 because any recovery will yield some benefit to the creditors of the estate generally.

The starting point for this Court's legal analysis is the language of 11 U.S.C. § 544, the statutory section relied upon by the Trustee to assert these claims against Gunst. That section provides:

§ 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voided by—

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

---

1. All of the cases cited in this opinion implicitly or expressly acknowledge that the trustee has standing to pursue causes of action that belong to the debtor under controlling state law; but the

Trustee has not argued that the causes of action he asserts against Gunst are property of the bankruptcy estate, and therefore, this Court need not decide that issue.

(2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists; or

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

(b) the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544. The question in this case is whether the Trustee has authority to pursue the claims against Gunst under § 544. The issue raises a perplexing question of bankruptcy law, because the precise nature and extent of the authority conferred by § 544 is not clear and, as a result, it has been the subject of different interpretations.

In his argument, Gunst relies upon the Supreme Court's decision in *Caplin v. Marine Midland Grace Trust Co. of New York*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972) and its progeny. In *Caplin*, the Supreme Court held that the trustee did not have standing to assert the claims of debenture holders of a corporation against Marine Midland (an indenture trustee) for negligence and breach of fiduciary duty. The Court gave several reasons for its holding. First, the Court held that § 567(3) gave the trustee power to pursue potential causes of action "*available to the estate*", *id.* at 428, 92 S.Ct. at 1685, that nothing in the section gives the trustee the power to collect money "*not owed to the estate*", and that nothing in

§ 110 of the Bankruptcy Act gave the trustee authority to pursue such a claim. *Id.* Further, the Court ruled that the trustee did not have power to pursue these claims on behalf of the debenture holders under 11 U.S.C. § 587, which gave the trustee the power that might be exercised as a receiver in equity appointed for the property of the debtor, because a receiver was only authorized to bring actions *on behalf of the corporation* (debtor) not on behalf of creditors. *Id.* at 429–31, 92 S.Ct. at 1686. It also noted that allowing the trustee to pursue actions on behalf of creditors would create possible complications concerning the relationship between the trustee's action and any other action filed by a creditor (such as the debenture holders) who wished to pursue an action on their own. *Id.* at 431–32, 92 S.Ct. at 1687.[2]

Although *Caplin* concerned a cause of action brought by the bankruptcy trustee on behalf of a class of creditors (not the creditors generally), which would benefit those creditors (but not the estate), several Circuits have read *Caplin* to indicate that a bankruptcy trustee cannot bring a cause of action against third parties on behalf of creditors of the estate under § 544. Thus, in *In re Ozark Restaurant Equipment Co., Inc.*, 816 F.2d 1222 (8th Cir.1987), the Eighth Circuit held that a bankruptcy trustee had no standing to assert, on behalf of the debtor corporation's creditors, an alter ego action against the principals of the corporation. After finding that the alter ego cause of action belonged to the creditors of the corporation under controlling law, *id.* at 1225, the Court reasoned that *Caplin, supra,* indicated that the trustee could not bring a claim on behalf of the creditors *generally* against a third party.

The Eighth Circuit's analysis rested heavily on the legislative history of § 544. After noting that a prior version of § 544 had included a subsection specifically designed to overrule *Caplin*, the Eighth Circuit noted that this section was dropped from the final version of § 544. Under these circum-

---

**2.** The Supreme Court also noted that allowing the trustee to pursue claims against a third party on behalf of creditors of a debtor who was *in pari delicto* with the third-party/defendant would create problems concerning whether the third-party/defendant would be entitled to be subrogated to the claims of the creditors as against the debtor. *Id.* at 429–31, 92 S.Ct. at 1686.

stances, the Court reasoned, Congress clearly intended to leave the rule stated in *Caplin* intact. The Eighth Circuit also believed that the concerns relied upon the Supreme Court in *Caplin, supra,* indicated that the trustee could not bring a claim on behalf of creditors generally. Thus, it reasoned that nothing in § 544 gave the trustee any authority to collect property *not owed to the estate.* It also reasoned that allowing the trustee to bring claims against third parties on behalf of the creditors did not jibe well with the purpose underlying § 544: to void the debtor's transfer of its property to the detriment of creditors. *Id.* at 1229–30. Finally, the Court noted that the potential for duplicative litigation created by creditors and trustees pursuing the same claims was also present in that case and indicated that the trustee should not be allowed to pursue claims belonging to the creditors. *Id.* at 1230. Several circuits have endorsed the Eighth Circuit's reasoning and held that a bankruptcy trustee has no standing to pursue claims against third parties on behalf of creditors. *See Williams v. California 1st Bank,* 859 F.2d 664 (9th Cir. 1988) (bankruptcy trustee did not have standing to pursue securities law claims against California First Bank on behalf of investors in the debtor); *E.F. Hutton & Co., Inc. v. Hadley,* 901 F.2d 979 (11th Cir.1990) (held that the trustee did not have standing to pursue certain claims against Hutton on behalf of the customer/creditors of the bankrupt debtor). *See also* notes 4 and 5 *supra.*

The Trustee relies upon a broader view of the trustee's power under § 544, which was obliquely referenced by the Fourth Circuit in *Steyr–Daimler–Puch of America Corp. v. Pappas,* 852 F.2d 132 (4th Cir.1988). The broader view of the trustee's powers was given its most elaborate expression in *Koch Refining v. Farmers Union Cent. Exchg., Inc.,* 831 F.2d 1339 (7th Cir.1987), where the Seventh Circuit held that Koch and other oil

company/creditors of a bankrupt refinery (ECI) did not have standing to bring an alter ego action against the member/owners of the bankrupt ECI, because only the trustee had standing to bring these claims.[3] Although the Court stated that it did not need to decide whether the trustee could bring the claims in his capacity as representative of the estate or pursuant to § 544, *see Koch,* 831 F.2d at 1346 n. 7, a great deal of the opinion was dedicated to showing that the trustee did have standing to bring the alter ego claim as a representative of the creditors. Here, the Court reasoned that § 544 authorized the trustee to bring suits for the benefit of the estate and ultimately of the creditors. Although the Court emphasized that "the trustee has no standing to bring *personal* claims of creditors," *id.* at 1348 [italics in the original], it reasoned that:

> A cause of action is "personal" if the claimant or creditor has an interest in the cause. But allegations that could be asserted by any creditor could be brought by the trustee as a representative of all creditors. If the liability is to all creditors of the corporation without regard to the personal dealings between such officers and such creditors, it is a general claim.

*Id.* at 1348–49. And later it stated that "[t]o determine whether an action accrues individually to a claimant or generally to the corporation, a court must look to the injury for which relief is sought and consider whether it is peculiar and personal to the claimant or general and common to the corporation and creditors." *Id.* at 1349. Finding that the alter ego claim alleged by *Koch* did not concern an injury peculiar to Koch (as opposed to creditors of the bankrupt generally), the Court held that the trustee was the proper party to pursue the claim, and therefore, Koch had no standing to pursue it.[4]

**3.** *Koch, supra,* purported to extend the reasoning of *Matter of Kaiser,* 791 F.2d 73, 75 (7th Cir. 1986) the other circuit court opinion relied on by the bankruptcy court.

**4.** The Court finds the broad view of the trustee's powers advanced in *Koch, supra,* has been eviscerated by the Court's later opinion in *Steinberg v. Buczynski,* 40 F.3d 890 (7th Cir.1994), where

the Seventh Circuit, cited *Caplin, supra,* and held that the trustee for the debtor (Ted's Plumbing, Inc.) did not have standing to assert an action on behalf of a creditor (the pension fund) noting that *the distinction between "personal" and "general" claims offered in Koch, supra, "is not an illuminating usage" id.* at 893, a sentiment with which this Court wholeheartedly agrees.

814

The Second Circuit cited *Koch* with approval in *St. Paul Fire v. PepsiCo, Inc.*, 884 F.2d 688 (2nd Cir.1989), when it held that PepsiCo could not bring an alter ego claim against the dominant shareholder of a parent corporation for a bankrupt subsidiary. The Court held that the alter ego claim was property of the estate, and also, concerned a generalized injury to all creditors. For these reasons the Court concluded that the bankruptcy trustee, not PepsiCo, could pursue this claim. *St. Paul Fire*, 884 F.2d at 694–705.[5]

These two lines of cases raise a question that was not asked, and therefore was not answered, in *Caplin*. For the issue in *Caplin* was whether the trustee could pursue claims proper to a class of creditors (as opposed to the creditors generally) for the benefit of those creditors (and not the bankruptcy estate), whereas the question in this case—as framed by the parties—is whether the Trustee can bring a cause of action that will benefit creditors generally.[6] Confronted with this question, *Koch* and *St. Paul Fire, supra,* read *Caplin* narrowly and hold that it does not preclude the trustee from pursuing causes of action against third parties where the result will inure to the benefit of the estate, (and therefore the creditors generally). *See Koch,* 831 F.2d at 1347 n. 11; *St. Paul Fire,* 884 F.2d at 700–01. And this narrow reading of *Caplin* finds some support in the legislative history of § 544 insofar as the proposed amendment that was omitted from the final version of that provision concerned the trustee's authority to bring claims on behalf of an individual creditor or class of creditors etc., *see Ozark Restaurant,* 816 F.2d at 1227 n. 9; *Koch,* 831 F.2d at 1347 n. 11, leaving open the precise question raised here: whether the Trustee can pursue claims that will benefit the creditors generally under 11 U.S.C. § 544.

There is a common-sense concern that drives these decisions. They reason that the Trustee must have authority to pursue causes of action that injure the creditors generally, because otherwise individual creditors will rush to pursue the action and receive judgments, thereby circumventing the equality of distribution among creditors that is so fundamental to the bankruptcy scheme; in order to avoid this result, these courts reason that the trustee (not individual creditors) should have standing to pursue such claims. *See Koch,* 831 F.2d at 1349; *St. Paul Fire,* 884 F.2d at 700–02; *see also In re; MortgageAmerica Corp.,* 714 F.2d 1266, 1275–76 (5th Cir.1983) (reasoning that an action under the Texas Fraudulent Transfer Act is essentially one for property that properly belongs to the debtor such that bankruptcy stay barred creditor from pursuing the claim, because this result did the most to further the fundamental bankruptcy policy of equitable distribution among creditors.) The Trustee makes a similar argument in this case. He argues that he should have standing under § 544 to pursue the claims against Gunst because any success will produce a benefit to the estate, and the benefit will inure to the creditor generally.

For several reasons, this Court believes that the Trustee's argument must be rejected. First, and most fundamentally, neither the language or the (discernible) legislative intent of § 544 supports the Trustee's contention that § 544 empowers him to bring any cause of action that may benefit the creditors. Rather, an examination of the statutory language and commentary indicates that the purpose of § 544 is to confer a *status* on the Trustee. By its terms, § 544 confers on the trustee the status of an individual meeting the description set forth in

---

5. The Court is unable to reconcile the Second Circuit's broad view of the trustee's powers under § 544 in *St. Paul Fire, supra,* with the Second Circuit's later decision in *Shearson Lehman v. Wagoner,* 944 F.2d 114, 118–20 (2nd Cir.1991) where the Court, relying on *Caplin,* held that the bankruptcy trustee for the debtor (HMK) did not have standing to assert claims for dissipation of corporate funds and what seems the equivalent of an alter ego claim against Shearson because those claims belonged to the creditors of HMK, or the Court's later decision in *Hirsch v. Arthur*

*Andersen & Co.,* 72 F.3d 1085, 1092–94 (2nd Cir.1995), where the Court held that the trustee for the debtor did not have standing to pursue claims of investors in the limited partnerships managed by the debtor against the debtor's accounting firm.

6. The Trustee has asserted that any recovery on the claims against Gunst will benefit the creditors generally and Gunst has not contested this point.

§ 544(a)(1)–(3); nothing in the section indicates that it makes the trustee an agent for the creditors—the essence of the Trustee's argument in this case.[7] And the clear import of the statutory language is confirmed by the general thrust of the discussion of § 544 offered by one well-respected treatise which indicates that § 544 is intended to give the trustee the powers and rights that a creditor meeting the description set forth § 544(a)(1)–(3) would have under state law so that the trustee can void transfers of the debtor's property or pursue any other remedies accorded to such persons under the controlling state law. *See* 4 Collier on Bankruptcy, ¶ 544.01–.03; *see also Steyr–Daimler,* 852 F.2d at 135. (Discussing § 544 and noting that federal bankruptcy law looks to definition of what interests are rights of the debtor or creditors of the debtor.) Those cases holding that the trustee cannot bring claims on behalf of the creditors are more consistent with the statutory language and (discernible) legislative intent of the section, *see Ozark Restaurant,* 816 F.2d at 1229, and this Court finds that reasoning persuasive. Thus the question in this case is whether the trustee can pursue the claims against Gunst by virtue of the status conferred by § 544 under the applicable state law. The Trustee has not even bothered to advance such a contention in this case, and therefore, the Court finds that he does not have standing to advance the claims against Gunst under 11 U.S.C. § 544.

The Trustee's position is untenable for other reasons. First, this Court does not believe that the broad view of the Trustee's powers advanced in *Koch,* and *St. Paul Fire, supra,* is good law. See notes 4 & 5, *infra.* Second, even if this broad view of the Trustee's powers is still tenable, the Trustee has not shown how the current case fits within that rule; he has not shown that the causes of action he seeks to advance against Gunst arise from injuries common to the creditors as a class and, as a result, these claims appear to be "personal" to certain creditors within the meaning of *Koch, supra,* such that they cannot be pursued by the Trustee even under the broader view of his powers that he advances.

The Trustee seems to acknowledge this point, for the thrust of his argument is that he should be allowed to advance these claims merely because they will yield some benefit to creditors as a whole, and also, because allowing him to advance these claims makes good sense. But the notion that the bankruptcy trustee can pursue any case of action that may benefit the estate has been rejected as perfectly circular. *See Steinberg,* 40 F.3d at 892 (If someone slipped and fell outside the debtor's home, could the trustee sue the debtor on the theory that any recovery would benefit the estate? To ask the question is to answer it.). And while allowing the Trustee to pursue such claims might make sense, this Court's job is to determine whether the Trustee has standing to pursue these claims under § 544; it is the job of Congress to confer standing on the bankruptcy trustee to pursue such claims on the grounds of good sense. *Cf. Caplin,* 406 U.S. at 433–35, 92 S.Ct. at 1688. For the reasons given above, this Court believes that the Trustee does not have standing to pursue the claims against Gunst under 11 U.S.C. § 544.

**NOW, THEREFORE, IT IS ORDERED** that the Motion to Dismiss the Trustee's Complaint be, and hereby is, ***GRANTED.***

---

**7.** The Trustee has not argued that his claims against Gunst are efforts to avoid any transfer of an interest in the debtor in property authorized under § 544(b).