In re Michael D. SHADDUCK and Andrea D. Shadduck, Debtors.

Stephen M. RODOLAKIS, Chapter 7 Trustee, Plaintiff,

v.

Michael D. SHADDUCK, Enterprise Bank & Trust Co., Defendants.

No. 93–41551–JFQ.
Adv. Proceeding No. 96–4345.

United States Bankruptcy Court, D. Massachusetts.

May 6, 1997.

## DECISION

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

This case presents the question whether a trustee in bankruptcy can prosecute allowed and nondischargeable claims of creditors for the purpose of collecting the claims from retirement benefits which are not part of the bankruptcy estate. Recognizing a division in the case law on a trustee's ability to enforce claims held by the general creditor body, I hold the trustee cannot do so. But I defer dismissal of the complaint pending the filing of a creditor class action.

Michael D. Shadduck (the "Debtor") was employed for some years by Guardian Insurance & Annuity Company, Inc. At the time of his voluntary chapter 11 petition filing in 1993, the Debtor was a participant in the company's pension plan, which was apparently an ERISA-qualified plan under section 401(k) of the Internal Revenue Code. The Debtor's employment with Guardian ended in

1995, at which time he "rolled over" his 401(k) plan benefits into an individual retirement account (the "IRA") with Enterprise Bank and Trust Company. The bankruptcy case had by then been converted to chapter 7. Stephen M. Rodolakis (the "Trustee") commenced serving as chapter 7 trustee on February 16, 1994.

In an action separate from the present adversary proceeding, the Trustee seeks an order denying the Debtor his discharge pursuant to section 727 of the Bankruptcy Code. He bases that action upon the Debtor's criminal conviction for having failed to disclose assets in his bankruptcy filing in violation of section 157 of title 18. The conviction has recently been affirmed by the court of appeals. Further proceedings in the Trustee's section 727 action have been continued pending disposition of the appeal. The Trustee intends to prove his section 727 case through the conviction under principles of collateral estoppel.

The Debtor's retirement benefits occupy an unusual posture vis-a-vis his creditors. At the time of the bankruptcy filing, no portion of the benefits were part of the bankruptcy estate by reason of section 541(c)(2), assuming the section 401(k) plan was ERISA-qualified with a provision prohibiting assignment. *Patterson v. Shumate*, 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992). When the benefits were later rolled over into the IRA, although remaining outside the bankruptcy estate, they became partially subject to creditor process. Under section 34A of chapter 235 of the Massachusetts General Laws,[1] benefits in an individual retirement account are not exempt to the extent their value exceeds seven percent of the

individual's aggregate income within five years before his bankruptcy filing or entry of judgment. There now being about $136,000 in the IRA, under this formula it seems probable a substantial portion of the IRA is subject to attachment or levy.

If the Trustee prevails in his section 727 action, which is likely, the claims in this bankruptcy case totaling over $2 million will become nondischargeable. Creditors holding these claims can look to the IRA for partial satisfaction. The Trustee is concerned, however, that by then the IRA will be dissipated.

It is this concern that has prompted the present action. The Trustee seeks a $2,072,-805.30 judgment running to him for the benefit of creditors. To preserve the nonexempt IRA benefits for creditors, at suit commencement the Trustee requested an attachment of the IRA. Another judge of this court granted him an *ex parte* attachment of all the IRA benefits.

Acting *pro se* and still incarcerated, the Debtor now moves to dismiss the complaint. Among other grounds for dismissal, he alleges the complaint fails to state a claim upon which relief may be granted. I agree, but not for the reasons proffered by the Debtor.

 The Trustee is asserting the claims of creditors as opposed to claims held by the bankruptcy estate. This he may not do. The leading decision is *Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972), decided under the prior Bankruptcy Act. *Caplin* involved a suit for misfeasance brought by a bankruptcy trustee against a trustee serving under an indenture of trust for the benefit of

---

1. Section 34A provides:

The right or interest of any person in an annuity, pension, profit sharing or other retirement plan maintained in accordance with the federal Employee Retirement Income Security Act of 1974, or in any annuity or similar contract purchased with assets distributed from any of the foregoing, or in any plan maintained by an individual as a Keough Plan, a Simplified Employee Plan, or an Individual Retirement Account shall be exempt from the operation of any law relating to insolvency and shall not be attached or taken on execution or other process to satisfy any debt or liability of such person, except as may be necessary to satisfy

(i) an order of a court concerning divorce, separate maintenance or child support under chapters two hundred and eight, two hundred and nine, and two hundred and seventy-three or (ii), in the event of the conviction of such person of a crime, an order of a court requiring him to satisfy a monetary penalty or make restitution to the victim of such crime. The exemption in this section for plans maintained by an individual shall not apply to sums deposited in said plans in excess of seven percent of the total income of such individual within five years of the individual's declaration of bankruptcy or entry of judgment.

Mass.Gen.L. ch. 235, § 34A (1992).

bond holders, whose claims were among the claims in the bankruptcy estate. The bankruptcy trustee alleged the indenture trustee was derelict in permitting the debtor to breach a provision of the indenture by borrowing funds at a time when the debtor's tangible assets were less than 200% of certain liabilities. The bankruptcy trustee sought damages for the benefit of the bond holders. His purpose in doing so was to reduce the claims of the bond holders and thereby enhance the percentage distribution to all creditors from the bankruptcy estate.

The Court in *Caplin* dismissed the suit for three reasons. First, it could find no authority in the Bankruptcy Act for the trustee to prosecute such a cause of action, which had not been an asset of the debtor and hence was not part of the bankruptcy estate. Second, it was doubtful a recovery by the trustee would reduce the bond holders' claims and thereby benefit other creditors. Because the debtor and the indenture trustee appeared to be in *pari delicto*, the Court believed it likely the indenture trustee would be subrogated to the claims of the bond holders to the extent of any damages it paid. Finally, the Court thought the suit inconsistent with independent actions the bond holders could bring on their own. The Court envisioned the possibility that bond holders might base their own suits on theories of liability or damages different from those of the bankruptcy trustee. And the Court noted the bond holders would not be bound by adjudication or settlement of the trustee's action, which was not being pursued as a class action.

*Caplin* remains good law under the Code. Section 4–604(b)(2) of the Commission's bill, quoted below,[2] would have permitted a trustee to assert the claims of creditors when this was in the best interests of the estate. The

**2.** Section 4–604(b)(2) of the Commission's bill provided:

(2) *Creditors' Claims.* The trustee may, when in the best interest of the estate, enforce any claim which any class of creditors has against any person and if necessary for that purpose, the court may stay any other pending action on such claims. If the trustee brings an action on such a claim, he shall give notice to all creditors who could have brought an action on the claim if the trustee had not done so. Any

Commission explained its reasoning in these words:

Paragraph (2) of subdivision (b) is new and is designed to change the result in cases like *Caplin v. Marine Midland Grace Trust Co. Of [of] New York,* [406 U.S. 416] 92 S.Ct. 1678 [92 S.Ct. 1678] (1972), interpreting the present Act to mean that a trustee in a Chapter X reorganization case had no standing to enforce a claim on behalf of debenture holders against an indenture trustee for misconduct. The authority given the trustee by this subdivision is to be exercised only when in the best interest of the estate, as when the recovery would reduce or eliminate some claims against the estate and thus enhance dividends for other creditors or improve the prospect for rehabilitation of the debtor. It should not be exercised where, for example, the trustee's judgment against the defendant in the action would simply give that defendant a subrogated claim of equal size against the debtor, or where the amount of the trustee's recovery against the defendant would, under applicable law, be reduced by the value of any dividend or other distribution in the case under this Act. The trustee's recovery on a claim covered by paragraph (2) is, after deduction of expenses incurred by him in obtaining it, for the benefit only of those creditors whose claims he enforced and they are bound by any judgment entered for or against the trustee. The benefit to the estate contemplated by paragraph (2) is that which results from the reduction or elimination of the claims against the estate held by the creditors on whose behalf the trustee brings the action.[3]

The House agreed with the Commission. Its bill included a subsection (c) of Section 544, which provided in part:

judgment entered for or against the trustee on such claim shall be binding on all such creditors and any recovery by the trustee shall be for the benefit only of such creditors after the deduction of all expenses incurred by the trustee in effecting such recovery.

REPORT OF THE COMMISSION ON THE BANKRUPTCY LAWS OF THE UNITED STATES, H.R.Doc. No. 93–137, 93d Cong., 1st Sess., Pt. II § 4–604(b)(2) (1973).

**3.** *Id.* At Note 6.

(1) the trustee may enforce any cause of action that a creditor, a class of creditors, an equity security holder, or a class of equity security holders has against any person if—

(A) the trustee could not recover against such person on such cause of action other than under this subsection;

(B) recovery by the trustee for the benefit of such creditor or equity security holder or the members of such class will reduce the claim or interest of such creditor or equity security holder or of such members, as the case may be, against or in the estate;

(C) there is a reasonable likelihood that recovery against such person will not create an allowable claim in favor of such person against the estate; and

(D) enforcement of such cause of action is in the best interest of the estate.

. . . . .

(3) A judgment in any such action brought by the trustee binds all creditors or equity security holders that could have brought an action on such cause of action. Any recovery by the trustee, less any expense incurred by the trustee in effecting such recovery, shall be for the benefit only of such creditors or equity security holders.

H.R. 8200, 95th Cong. 1st Sess. § 544(c) (1977).

The Senate took another view. Its bill contained no subsection (c). *See* S.2266, 95th Cong., 2d Sess. (1978). Statements made on the floors of both houses refer without elaboration to the deletion of the subsection in the final version of the bill passed by Congress. *See* 124 Cong.Rec. H 11097 (Sept. 28, 1978); 124 Cong.Rec. S.17413 (Oct. 6, 1978). Although Congress gave no reason for its action, the Congressional deference to *Caplin* is clear.

Although *Caplin* is still good law, the question remains whether it is controlling on the present facts. Unlike the situation in *Caplin*, there is here no potential subrogation, so

partial satisfaction of claims from the nonexempt portion of the IRA will reduce the total claims against the estate and thereby benefit all creditors. Nor is there here, as there was in *Caplin*, any danger of inconsistency between the Trustee's action and individual action on the part of creditors. The creditors' claims have been allowed. All that is involved in the Trustee's action is partial collection of the claims from an asset which is not part of the bankruptcy estate.

■ Nevertheless, *Caplin's* principal ground remains an insurmountable obstacle to the Trustee's action. The Court could find no authority in the prior Bankruptcy Act for a trustee to prosecute claims held by creditors which are not assets of the bankruptcy estate. The same is true under the Code. Section 544(a) comes the closest. It states a trustee has the "rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by" a judicial lien creditor. It is true, at least as to personal property,[4] that the "rights and powers" thereby granted extend beyond the ability to avoid a transfer made by the debtor. A trustee in bankruptcy has lien creditor rights against property which is only ostensibly owned by the debtor, thereby defeating the interests of the true owner. *See, e.g., In re Waynesboro Motor Co.,* 60 F.2d 668 (S.D.Miss.1932) (trustee of car dealer allowed lien on vehicles in dealer's lot which owners consigned to dealer for sale without giving public notice of consignment); H.R.Rep. No. 2320, 82d Cong., 2d Sess. 16 (1952) (recognizing trustee's lien creditor rights against goods held by debtor as ostensible owner). But the Trustee is not pursuing his rights as a hypothetical lien creditor. His goal is to obtain a lien for the benefit of the unsecured creditors.

■ It is significant, furthermore, that Congress decided against adopting a proposed subsection of section 544 which would have expressly given a trustee the limited right to assert creditors' claims. With that signal from Congress, it is unwarranted to

---

**4.** Because of the wording of section 544(a)(3), some courts, including the present one, believe the trustee's rights as to real property are limited to avoidance of transfers made by the debtor.

*See, e.g., Mills v. Brown (In re Brown),* 182 B.R. 778 (Bankr.E.D.Tenn.1995); *In re Mill Concepts Corp.,* 123 B.R. 938 (Bankr.D.Mass.1991).

read into section 544(a) the grant of an implied power to bring a creditors' cause of action.

Nor is section 544(b) of any help to the Trustee. That subsection clearly grants avoidance rights only. The Trustee does not seek to avoid a transfer or obligation of the debtor.

Courts have for this reason denied a trustee in bankruptcy standing to bring claims held by creditors, including alter ego claims against stockholders. *See, e.g., E.F. Hutton & Co., Inc. v. Hadley*, 901 F.2d 979, 985–87 (11th Cir.1990) (trustee without standing to bring securities law claims held by debtor's customers); *DSQ Property Co. Ltd. v. DeLorean*, 891 F.2d 128, 130–32 (6th Cir.1990) (trustee barred from representing creditor in settlement negotiations); *Williams v. California 1st Bank*, 859 F.2d 664, 666–67 (9th Cir.1988) (trustee without standing to prosecute securities law claims of creditors even though claims had been assigned to trustee); *Mixon v. Anderson (In re Ozark Restaurant Equipment Co., Inc.)*, 816 F.2d 1222 (8th Cir.1987), (trustee without standing to prosecute alter ego claims of creditors); *Sigmon v. Miller–Sharpe, Inc. (In re Miller)*, 197 B.R. 810 (W.D.N.C.1996) (trustee unable to prosecute creditors' claim against attorney for attorney's involvement in fraudulent transfers). *See also, Steyr–Daimler–Puch of America Corp. v. Pappas*, 852 F.2d 132 (4th Cir.1988) (rejecting section 544(a) alter ego cause of action but holding an alter ego claim may be asserted by trustee as property of estate based on Virginia law).

Denying the Trustee the right to prosecute creditors' claims is consistent with dictum of the court of appeals of this circuit. In *Regan v. Vinick & Young (In re Rare Coin Galleries of America, Inc.)*, 862 F.2d 896 (1st Cir. 1988), after affirming a trustee's ability to prosecute a debtor's prepetition claims, the court distinguished such causes of action from those belonging to creditors. It stated: "The trustee, however, has no power to assert any claim on behalf of the creditors when the cause of action belongs solely to them [citing *Caplin* and *Ozark* ]." *Id.* at 900.

Some decisions, however, permit a trustee to prosecute claims of creditors if the claims are held by all creditors rather than just some, distinguishing *Caplin* on this point. *See, e.g., Koch Refining v. Farmers Union Central Exchange, Inc.*, 831 F.2d 1339, 1348–49 (7th Cir.1987); *St. Paul Fire & Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688 (2d Cir.1989). *See also, Hirsch v. Marinelli (In re Colonial Realty Co.)*, 168 B.R. 506 (Bankr. D.Conn.1994) (trustee denied ability to prosecute statutory avoidance rights of single creditor only). I am unable to draw this distinction. A trustee's difficulty in these cases is lack of statutory authority to bring any creditor claim, whether the claim is held by some or all creditors. Apparently for this reason later decisions in their circuits cast doubt on the continued vitality of *Koch* and *St. Paul Fire. See Steinberg v. Buczynski*, 40 F.3d 890, 893 (7th Cir.1994) (stating *Koch's* distinction between "general" and "personal" claims "is not an illuminating usage"); *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118–20 (2d Cir.1991) (relying on *Caplin* in denying trustee standing to assert dissipation claims of creditors).

The complaint must, therefore, be dismissed. Under equitable principles, however, I will defer dismissal for ninety days. That should give creditors the opportunity to bring a creditor class action. A judgment has issued modifying the automatic stay to permit such an action. It authorizes commencement of suit and attachment of the nonexempt portion of the IRA with prior notice to the Debtor, placing the burden on the Debtor to establish his exempt portion under the five year income formula. The judgment does not permit creditors to obtain judgment or to levy on execution unless and until their claims are declared nondischargeable in a final order issued in the Trustee's section 727 action. The judgment states it is not adjudicating the propriety of any such class action.

## JUDGMENT

The Defendant, Michael D. Shadduck, having filed a motion to dismiss the complaint, and the court having today issued a decision thereon, it is

ORDERED, ADJUDGED and DE-CREED as follows:

1. The complaint is dismissed effective ninety days from today.

2. The automatic stay is modified to permit commencement within said ninety-day period of a creditor class action requesting judgment on claims declared nondischargeable in the Trustee's pending section 727 action and requesting, with prior notice, an attachment of the nonexempt portion of the funds of the Defendant Michael D. Shadduck now held by the Defendant Enterprise Bank & Trust Co. Creditors may not, however, obtain judgment or execution until their claims are declared nondischargeable in a final order issued in the Trustee's pending section 727 action.

3. This judgment is without prejudice to the Defendant Michael D. Shadduck to establish his exempt portion of such funds, nor does this judgment adjudicate the propriety of such class action.