# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-50558

In The Matter Of: GARY L BRADLEY

Debtor

RONALD INGALLS, Chapter 7 Trustee

Appellant

v.

JAMES D GRESSETT

Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-461

Before REAVLEY, WIENER, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Ronald Ingalls, as Chapter 7 Trustee of the estate of debtor Gary Bradley, appeals the district court's grant of summary judgment in favor of Defendant-Appellee James Gressett, dismissing the Trustee's Texas law claim against Gressett for conspiring with Bradley to fraudulently transfer

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assets out of Bradley's estate. The district court held that the Trustee lacked standing to bring the civil conspiracy claim. Reviewing both the grant of summary judgment and the underlying legal issue of standing *de novo, Texas v. United States*, 497 F.3d 491, 495 (5th Cir. 2007), we AFFIRM the district court's judgment for the following reasons:

1.    It is well established that a trustee has no standing to bring tort claims that belong exclusively to creditors of the bankruptcy estate. *See Caplin v. Marine Midland Grace Trust Co.*, 406 U.S. 416, 433–34, 92 S. Ct. 1678, 1688 (1972) (holding that a trustee lacked standing to sue a third party for damages incurred by debenture holders of the corporate debtor); *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) (citing *Caplin* for the proposition that "the trustee has no right to bring claims that belong solely to the estate's creditors"); *In re Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994) (same).

We agree with our sister circuit that Congress's adoption of the "strong-arm clause," 11 U.S.C. § 544(a), did not supersede *Caplin*'s holding that a trustee lacks authority to assert a claim against a third party that does not comprise part of the bankruptcy estate. *See In re Ozark Rest. Equip. Co.*, 816 F.2d 1222, 1226–30 (8th Cir. 1987). Although *Caplin* predated the enactment of § 544(a), we, too, find it "extremely noteworthy" that Congress considered including a provision that would have expressly overruled *Caplin* but declined to do so. *See id.* at 1227–28 & nn. 9 & 10; *see also Williams v. Cal. 1st Bank*, 859 F.2d 664, 667 (9th Cir. 1988) (agreeing with the Eighth Circuit's interpretation of the legislative history behind § 544(a)). The Bankruptcy Code does not authorize the Trustee to collect property or money except that which is owed to the estate.

2.    The Trustee alternatively contends that the conspiracy claim belongs to the bankruptcy estate because, unlike in *Caplin*, the claim here seeks to remedy an injury to all of Bradley's creditors and not merely a subset thereof. Even

assuming that any or all of Bradley's creditors could properly assert the claim, we disagree that this fact alone confers standing on the Trustee. This court recently clarified that, when determining whether a claim is property of the bankruptcy estate such that the trustee has standing to assert it under 11 U.S.C. § 541(a), the distinction between claims that are "personal" to some creditors or "general" as to all is relevant only "*after* a claim has been analyzed to determine whether it is properly assertable by the debtor or creditor, and *not as a substitute* for the analysis itself." *In re Seven Seas Petroleum*, 522 F.3d at 588 (construing *In re Schimmelpenninck*, 183 F.3d 347 (5th Cir. 1999) (emphasis added)). For instance, a claim that would ordinarily be brought by creditors nonetheless belongs to the debtor's estate if it pursues property in which the debtor retains an equitable interest, *see, e.g.*, *In re MortgageAmerica Corp.*, 714 F.2d 1266, 1275 (5th Cir. 1983) (construing a fraudulent transfer claim to belong to the debtor's estate), or if the debtor itself could have brought the claim under applicable state law, *see, e.g.*, *id.* at 1276–77 (holding Texas law permits a corporate debtor to bring a trust fund (denuding) action); *In re S.I. Acquisition, Inc.*, 817 F.2d 1142, 1152–53 (5th Cir. 1987) (holding an alter ego action could be brought by the debtor corporation under Texas law). But Texas law does not suggest that Bradley has any cognizable legal or equitable interest in the damages sought here to replace assets that he conspired to fraudulently transfer or that Bradley could seek damages from his co-conspirator for assisting with those transfers. Indeed, the Trustee does not contend otherwise. Thus, in suing Gressett for his role in the conspiracy, the Trustee does not represent the creditors' interests in *Bradley's* conspiracy claims against Gressett but attempts to assert the creditors' *own* direct claim against Gressett in which Bradley has no interest. This he cannot do. *See In re Seven Seas Petroleum*, 522 F.3d at 588 (distinguishing between a trustee's permissible enforcement of the creditors' interests in the debtor's claims against a third party, and a trustee's

impermissible attempt to assert the creditors' direct claims against third parties (quoting *Steinberg v. Buczynski*, 40 F.3d 890, 893 (7th Cir. 1994)). Finding no standing on the part of the Trustee to bring the action for civil conspiracy, we conclude that the district court properly granted summary judgment in favor of Gressett.

AFFIRMED.