**Laureen McLEAN**

v.

**Paul GAUDET.**

**Civ. No. 90–090–S.**

United States District Court,
D. New Hampshire.

Oct. 25, 1990.

Ellen Friedman, Nashua, N.H., for plaintiff.

Steven L. Maynard, Nashua, N.H., for defendant.

ORDER

STAHL, District Judge.

In this civil action, plaintiff Laureen McLean claims that she has suffered and continues to suffer emotional distress and psychological injury as a result of sexual assault and battery committed upon her between 1970 and 1982. These unlawful acts are alleged to have been committed by plaintiff's natural father, Paul Gaudet.[1] Before the Court is defendant's motion to dismiss on the ground that the action was not timely filed.

Analysis of this issue must begin with the applicable New Hampshire statute of limitations. Prior to its amendment in 1986, that statute read as follows:

> Except as otherwise provided by law, all personal actions, except actions for slander or libel, may be brought only within 6 years of the time the cause of action accrued.

New Hampshire Revised Statutes Annotated ("RSA") 508:4(I).[2] This limitation period

---

1. Jurisdiction is based upon 28 U.S.C. § 1332.

2. The 1986 amendment reduced the limitations period to three years from

the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at

is subject to the so-called "discovery rule" which provides that the statute of limitations begins to run when the plaintiff "discovers or in the exercise of reasonable diligence should have discovered not only that he has been injured but also that his injury may have been caused by the defendant's conduct." *Rowe v. John Deere*, 130 N.H. 18, 533 A.2d 375 (1987) (citing *Raymond v. Eli Lilly & Co.*, 117 N.H. 164, 169–170, 371 A.2d 170, 174 (1977)). *See generally* Ducharme, *The Statute of Limitations and the Discovery Rule Under RSA 508:4*, Volume 28, No. 3, New Hampshire Bar Journal, at 239 (Spring 1987).

■ The Court will grant a motion to dismiss for failure to state a claim only if the plaintiff is not entitled to relief under any set of facts she could prove. *Conway v. King*, 718 F.Supp. 1059, 1060 (D.N.H.1989) (citing *Knight v. Mills*, 836 F.2d 659, 664 (1st Cir.1987)). The issue before the Court is not whether the plaintiff will ultimately prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

■ The question whether the plaintiff should have discovered that she was injured and that the allegedly unlawful conduct of her father caused those injuries can be decided only after plenary review of a fully developed record. *See Johnson v. Johnson*, 701 F.Supp. 1363, 1370 (N.D.Ill. 1988) ("The point at which the statute of limitations commences under the discovery rule is a question of fact."); *and Hildebrand v. Hildebrand*, 736 F.Supp. 1512, 1522 (S.D.Ind.1990) ("If there are facts sufficient for a jury to decide that Susan sued her father within two years of her injuries becoming ascertainable, summary judgment must be precluded."). *See also*, Comment, *Not Enough Time?: The Constitutionality of Short Statutes of Limitations for Civil Child Sexual Abuse Litigation*,

50 Ohio St.L.J. 753 (1989); *and* Note, *Statutes of Limitations in Civil Incest Suits: Preserving the Victim's Remedy*, 7 Harv. Women's L.J. 189 (1984).

The statute of limitations issue cannot be decided fairly by reviewing a motion to dismiss. Accordingly, defendant's motion to dismiss (document no. 5) is denied.

SO ORDERED.

---

the time of the act or omission, the actions shall be commenced within 3 years of the time the plaintiff discovers, or in the exercise of reasonable diligence should have discovered, the injury and its causal relationship to the act or omission complained of.

The amendment expressly applies to "all causes of action arising on or after July 1, 1986." The acts alleged in this lawsuit were committed between 1970 and 1982. Accordingly, this cause of action is governed by the former statute.