**Hal M. HIRSCH, as Trustee of the Consolidated Estate of Colonial Realty Company, Jonathan Googel and Benjamin Sisti, Debtors,**

v.

**ARTHUR ANDERSEN & CO., Sorokin, Sorokin, Gross Hyde & Williams, P.C., Tarlow, Levy & Droney, P.C. and Weinstein, Schwartz & Pinkus.**

No. 3:93–CV–1207 (JAC).

United States District Court, D. Connecticut.

June 10, 1994.

Hal M. Hirsch, Howard P. Magaliff, Gainsburg & Hirsch, Purchase, NY, Jerome M. Congress, Melvyn I. Weiss, Milberg, Weiss, Bershad, Hynes & Lerach, New York City, for plaintiff.

John F. Conway, Shaun S. Sullivan, William H. Prout, Jr., Robert Tilewick, Thomas L. Casagrande, Wiggin & Dana, New Haven, CT, for defendant Arthur Andersen & Co.

Neil W. Silberblatt, Jones, Hirsch, Connors & Bull, New York City, Peter Pericles Orphanos, Serchuk & Zelermyer, White Plains, NY, Stephen R. Steinberg, Steven A. Coploff, Serchuk & Zelermyer, Stamford, CT, for defendant Tarlow, Levy & Droney, P.C.

Robert T. Gill, Vincent Amoroso, Parker, Coulter, Daley & White, Boston, MA, for defendant Sorokin, Sorokin, Gross, Hyde & Williams, P.C.

Andrew S. Turret, Bai, Pollock & Dunnigan, Bridgeport, CT, for defendant Weinstein, Schwartz & Pinkus.

### RULING ON MOTIONS TO DISMISS

JOSÉ A. CABRANES, Chief Judge:

This litigation arises out of the sale of limited partnership interests in various real estate properties by Colonial Realty Company ("Colonial") and its general partners, Jonathan Googel, Benjamin Sisti, and Frank Shuch (collectively, "the debtors"), during the 1980's. In this action, the trustee for the consolidated estate of Colonial, Googel and Sisti has asserted claims against the law firms and accounting firms that allegedly participated with the debtors in the so-called Colonial "Ponzi" scheme. Pending before the court are the defendants' motions to dismiss the trustee's complaint for lack of standing pursuant to Fed.R. 12(b)(1).

## BACKGROUND

On September 14, 1990, involuntary bankruptcy proceedings were commenced against Colonial and its general partners in United States Bankruptcy Court for the District of Connecticut. By order of the Bankruptcy Court, the cases were converted pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.*, and were consolidated. The plaintiff is the trustee of the consolidated estate.

This action was originally filed in the Bankruptcy Court on April 5, 1993, and was transferred to this court on June 14, 1993. The defendants are two law firms and two accounting firms that allegedly provided professional services to and on behalf of the debtors in connection with the offer and sale of the limited partnership interests. The complaint, as amended on June 25, 1993, asserts 465 causes of actions, sounding in breach of contract, negligence, breach of fiduciary duty, negligent misrepresentation, fraud, and RICO. The defendants have moved to dismiss the complaint in its entirety for lack of standing pursuant to Fed.R.Civ.P. 12(b)(1).

## DISCUSSION

It is well settled that standing "cannot be 'inferred argumentatively from averments in the pleadings,' ... but rather 'must affirmatively appear in the record.'" *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 607, 107 L.Ed.2d 603 (1990) (quotations and citations omitted); *Thompson v. County of Franklin,* 15 F.3d 245, 249 (2d Cir.1994). Accordingly, the burden is on the plaintiff "'clearly to alleged facts demonstrating that he is a proper party to invoke judicial resolu-

tion of the dispute.'" *Id.* (quoting *Warth v. Seldin,* 422 U.S. 490, 518, 95 S.Ct. 2197, 2215, 45 L.Ed.2d 343 (1975)).

In deciding a motion to dismiss for lack of standing, the court "must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth,* 422 U.S. at 501, 95 S.Ct. at 2206 (citations omitted); *Thompson,* 15 F.3d at 249. It is within the court's power, however, "to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing." *Id.*[1] If, after considering all the relevant materials, it appears to the court that the plaintiff lacks standing, the complaint must be dismissed. *Id.*

■ The question presented is whether the trustee has standing to assert claims under section 541 of the Bankruptcy Code against the defendants.[2] The defendants argue that the trustee lacks standing because the claims he asserts on behalf of the estate really belong to Colonial's creditors, and because any claims the debtors might assert are barred by virtue of their participation in the fraudulent scheme. The trustee responds that the claims belong to the debtors themselves and are not barred by their involvement in the fraudulent scheme because the defendants controlled the actions of the debtors, and because these actions were separate and distinct from the wrongful acts of the defendants.

■ Under section 541 of the Bankruptcy Code,[3] the trustee "stands in the shoes of the [debtor] and has standing to bring suit that the [debtor] could have instituted had it not

1. In the instant case, the trustee has already had an opportunity to amend the complaint. *See* Amended Complaint (filed June 25, 1993).

2. In the complaint, the trustee also premised his standing on section 544 of the Bankruptcy Code. However, the trustee has decided not to oppose the defendants' motions to dismiss section 544 as a basis for jurisdiction. *See* Trustee's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Amended Complaint for Lack of Standing (filed Dec. 29, 1993) at 4 n. 3 ("Memorandum of Law in Opposition"). Accordingly, the defendants' motions to dismiss for lack of standing based on section 544 may be

granted absent timely objection or response of any kind.

3. Section 541 provides in relevant part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:
(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

petitioned for bankruptcy." *Shearson Lehman Hutton, Inc. v. Wagoner,* 944 F.2d 114, 118 (2d Cir.1991) (citing *Caplin v. Marine Midland Grace Trust Co.,* 406 U.S. 416, 429, 92 S.Ct. 1678, 1685, 32 L.Ed.2d 195 (1972), and *Cissell v. American Home Assur. Co.,* 521 F.2d 790, 792 (6th Cir.1975), *cert. denied,* 423 U.S. 1074, 96 S.Ct. 857, 47 L.Ed.2d 83 (1976)). The motions in the instant cases raise the question of when, consonant with this principle, a trustee may sue a third party. It is well settled that a trustee "has no standing generally to sue third parties on behalf of the estate's creditors" because the debtor itself could not have asserted any such claim. *Id.* (citation omitted). A trustee has standing to sue third parties only if the debtor itself was damaged by the conduct of the third parties. *Id.*

Thus, the critical question in the instant case is whether the trustee has alleged that the defendants caused damage to the debtors—or, put another way, whether the debtors themselves could have prevailed against the defendants on any legal theory presented in the complaint. *See Wagoner,* 944 F.2d at 119. Ordinarily, this would involve a determination not only that the causes of action in the complaint belong to the debtors but also that they would survive a motion to dismiss. *Id.* In the instant case, the court need not concern itself with the latter determination inasmuch as it granted the defendants' motion to split the consideration of standing from the legal sufficiency of the claims presented. *See* Transcript of Hearing on November 8, 1993 (oral ruling granting defendants' request to file successive motions under Fed.R.Civ.P. 12(b)(1) and 12(b)(6) to enable court to resolve threshold question of standing). Therefore, the court will only address the standing issue at this time.

■ In the standing context, the concept of damage to the debtors is a difficult one to understand, and one that has been applied inconsistently by the courts. One principle is certain, however, as a matter of law and common sense: mere "allegations of misconduct and damage to the debtor . . . are insufficient to give the trustee standing to sue third parties on behalf of creditors." *In re D.H. Overmyer Telecasting Co.,* 56 B.R. 657, 660 (Bankr.N.D.Ohio 1986); *Feltman v. Prudential Bache Securities,* 122 B.R. 466, 475 (S.D.Fla.1990). Thus, the trustee must do more than simply allege damage to the debtors; the facts alleged in the complaint must support this allegation. If the facts of the complaint suggest that the claims actually belong to the creditors, a blanket allegation of damage to the debtors will not confer standing on the trustee.

■ In the instant case, the facts alleged in the complaint do not support the trustee's allegation of damage to the debtors. The bulk of the complaint alleges that the defendants, with the participation of the debtors, engaged in a scheme to enhance the financial appearance of the debtors at a time when the debtors were actually insolvent in order to induce third parties (the "creditors") to lend money, provide services, and sell supplies on credit to the debtors. Clearly, the creditors would have claims against the defendants—and indeed against the debtors as well—on the basis of these allegations. Recognizing that he cannot assert claims against the defendants on behalf of the creditors, the trustee alleges damage to the debtors, to the extent of the unpaid obligations of the debtors to the creditors. Yet, the trustee has not alleged any distinct way in which the debtors were injured by the asserted wrongdoing of the defendants. Rather, the trustee alleges that the debtors suffered injuries identical to those of the creditors. Under these circumstances, it is the individual creditors, rather than the trustee, who may seek recovery from the defendants. Accordingly, the trustee lacks standing to assert these claims.[4]

---

**4.** The trustee has requested an opportunity to take discovery and provide additional factual information in the event the court deems the amended complaint insufficient to support standing. *See, e.g.,* Trustee's Memorandum of Law in Opposition at 18–19; Trustee's Surreply Memorandum of Law in Opposition to Defendants' Motions to Dismiss Plaintiff's Amended Complaint for Lack of Standing (filed Feb. 14, 1994) at 4. However, the type of supplemental allegations contemplated by the trustee would not rehabilitate his claims; the damage alleged would still accrue to the creditors and not to the debtors. Accordingly, the trustee's requests to supplement the amended complaint are denied.

The same is true of the claims against Arthur Andersen & Company ("Arthur Andersen") arising from Arthur Andersen's alleged failure to properly perform "due diligence" with respect to a portfolio of properties from the Travelers Insurance Company. The trustee alleges that Arthur Andersen's failure to properly perform due diligence led to the purchase of allegedly unworthy properties. While the investors were clearly injured by the purchase of these properties, the trustee has alleged no distinct way in which the debtors were damaged. Under the circumstances presented, and in light of the fact that the investors have already asserted independent actions against the defendants for their participation in the Colonial scheme, the trustee lacks standing to assert his claims against Arthur Andersen.

It bears noting that the trustee's claims are not analogous to the claim of "churning" for which our Court of Appeals recognized standing in *Wagoner*. *See* 944 F.2d at 119. Churning is a practice through which a broker obtains excessive commissions by needlessly turning over a client's account. Thus, the damage to the debtor resulting from churning is distinct from any damage resulting to the creditors from other instances of fraud in which the broker participates. In the instant case, the trustee alleges that the injury to the debtors was coextensive with the injury to the creditors. Thus, the trustee has done no more than cast the debtors as the collection agents for the creditors.

In sum, it appears from the complaint that the only ones injured by the defendants' conduct, if any, were the creditors. The trustee cannot circumvent the standing requirement simply by imputing this injury to the debtors. To allow the trustee to do so would prevent the creditors from asserting individual actions on their own behalf, at least temporarily. *See St. Paul Fire and Marine Ins. Co. v. PepsiCo, Inc.*, 884 F.2d 688, 701 (2d Cir.1989) ("if the claims are

property of the debtor, they must be *abandoned* by the trustee before they can be asserted by any individual creditors"); *Bankers Trust v. Rhoades*, 859 F.2d 1096, 1107 (2d Cir.1988) (when a creditor and bankrupt share claims arising from the same transaction, creditor must await disposition of trustee's claim before bringing action), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1642, 1643, 104 L.Ed.2d 158 (1989).

Moreover, if the trustee recovered on behalf of the debtors, the proceeds would be distributed among the creditors—which would raise the prospect that the proceeds would be distributed inequitably. It bears recalling that the trustee represents the very parties who are alleged to have participated in defrauding the creditors. The Supreme Court has viewed this prospect of conflict of interest as strongly militating against trustee standing. *See Caplin v. Marine Midland Grace Trust Co. of New York*, 406 U.S. 416, 431–32, 92 S.Ct. 1678, 1686–87, 32 L.Ed.2d 195 (1972).

For the reasons stated above, the trustee lacks standing to bring the instant action.[5] Accordingly, the defendants' motions to dismiss for lack of standing must be granted.

### CONCLUSION

Based on the full record, and for the reasons stated above, it is hereby ORDERED that:

1. Motion of Defendant Levy & Droney, P.C. to Dismiss the Amended Complaint in this Adversary Proceeding (filed Aug. 16, 1993) (doc # 16) is GRANTED;

2. Arthur Andersen & Co.'s Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) (filed Nov. 18, 1993) (doc # 30) is GRANTED;

3. Sorokin, Sorokin, Gross, Hyde & Williams, P.C.'s Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Proce-

5. The court need not consider any of the other grounds offered by the defendants in support of dismissal, including the doctrines of *in pari delicto* and unclean hands. In addition, the court need not reach the question of whether the wrongdoing of Googel and Sisti may be attributed to Colonial for the purposes of denying standing, inasmuch as standing is denied as to Colonial for the reasons stated above.

dure (filed Nov. 26, 1993) (doc # 32) is GRANTED;

4. Weinstein, Schwartz & Pinkus' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) (filed Nov. 26, 1993) (doc # 33) is GRANTED.

It is so ordered.