2007 BNH 013

**In re RCK MODULAR HOMES SYSTEMS, INC., Debtor.**

Timothy P. Smith, Chapter 7 Trustee, Plaintiff

v.

Donna George, a/k/a Donna Kostandin. Mary Notaris, Individually, and Mary Notaris, Attorney at Law, LLC, Defendants.

In re Richard C. Kostandin, Debtor.

Timothy P. Smith, Chapter 7 Trustee, Plaintiff

v.

Donna George, a/k/a Donna Kostandin, Mary Notaris, Individually, and Mary Notaris, Attorney at Law, LLC, Defendants.

Bankruptcy Nos. 04–11410–MWV, 04–11409–MWV. Adversary Nos. 06–1132–MWV, 06–1133–MWV.

United States Bankruptcy Court, D. New Hampshire.

Feb. 9, 2007.

Deborah A. Notinger, Esq., Donchess & Notinger PC, Attorney for Trustee.

Donna George, a/k/a Donna Kostandin, Pro Se.

Emily Gray Rice, Esq., Orr & Reno, PA, Attorney for Mary Notaris, Individually, and Mary Notaris, Attorney at Law, LLC.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the motions of Mary Notaris, individually, and Mary Notaris, Attorney at Law, LLC, (the "Defendants") to dismiss the above-referenced complaints pursuant to Federal Rule of Bankruptcy Procedure 7012, which incorporates Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

The complaints are brought by Timothy P. Smith, who is the Chapter 7 trustee in the case of Richard C. Kostandin ("Kostandin" or "Debtor"), and also the Chapter 7 trustee in the case of RCK Modular Homes Systems, Inc. ("RCK" or "Debtor"). The complaints also allege certain causes of action against Donna George, a/k/a Donna Kostandin, the wife of Richard Kostandin, which allegations are not the subject of these motions to dismiss. The complaints in both adversary proceedings are essentially the same as are the motions

to dismiss and the trustee's objections thereto.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### DISCUSSION

Richard Kostandin was the principal of RCK. Donna George is the wife of Richard Kostandin. The complaints allege that the Defendants, either individually or through the LLC provided legal services to Kostandin, RCK and Donna George during the same period of time. The complaints allege legal malpractice in Counts VII and VIII and allege fraud in Count IX. Counts X and XI seek the avoidance of certain fraudulent conveyances, and Count XII alleges a breach of contract.

### I. Standard of Review.

In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988); see also *Cooperman v. Individual, Inc.*, 171 F.3d 43, 46 (1st Cir.1999) ("We accept as true all well[ ]pleaded allegations and give plaintiffs the benefit of all reasonable inferences.") (internal citations and quotations omitted); *Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990) ("In reviewing a Rule 12(b)(6) dismissal, we take the

well[ ]pleaded facts as they appear in the complaint, indulging every reasonable inference in plaintiff's favor."); *Gilbert v. Essex Group, Inc.,* 930 F.Supp. 683, 686 (D.N.H.1993) ("A motion to dismiss under FED. R. CIV. P. 12(b)(6) is one of limited inquiry, focusing not on 'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' ") *(citing Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). *Erricola v. Gaudette (In re Gaudette),* 241 B.R. 491, 495–96 (Bankr.D.N.H.1999).

 The Defendants argue that the trustee lacks standing to pursue the malpractice claims under two theories. The first is that the claims belong to the creditors and not to the trustee. The Court disagrees. The trustee is the successor to the Debtors and, as such, is the proper party to bring the malpractice claims since there must be an attorney-client relationship under New Hampshire law. *See Bezanson v. Thomas (In re R & R Assocs. of Hampton,)* 402 F.3d 257, 264–65 (1st Cir. 2005). Second, the Defendants argue that the doctrine of *in pari delicto* prevents the trustee from bringing these claims, referring to this Court's opinion in *Gaudette, supra.* However, that case is clearly distinguishable. In *Gaudette,* the trustee brought a conspiracy count and a RICO count. In the instant case, the trustee clearly pleads counts in malpractice. The Defendants look to certain paragraphs of each complaint to argue that what is actually alleged is a conspiracy between Kostandin, RCK and the Defendants, including Donna George. While the evidence submitted at trial, after discovery, might give support to this argument, it is clearly premature and insufficient for the Court to dismiss Counts VII and VIII for failure to state a claim. This reasoning also applies to Count IX, fraud, and the Court denies the motion to dismiss that count also.

Counts X and XI seek to avoid transfers made to the Defendants by RCK and Kostandin as fraudulent. Count X alleges a fraudulent transfer under section 548 of the Bankruptcy Code. Count XI alleges a fraudulent transfer under state law pursuant to section 544 of the Bankruptcy Code, which gives the trustee standing as a hypothetical lien creditor.

 As to these two counts, much of the Defendants' arguments in their motions to dismiss are based on the premise that the trustee has not pled actual intent to hinder, delay or defraud a creditor pursuant to 11 U.S.C. § 548(a)(1)(A) or N.H. RSA 545–A:4(I)(a). However, as described in the trustee's objections to the motions to dismiss, the trustee has elected to proceed under theories of constructive fraud pursuant to 11 U.S.C. § 548(a)(1)(B) and N.H. RSA 545–A:4(I)(b) under which actual intent is not required. These counts allege that the transfers were for less than reasonably equivalent value when the Debtors were insolvent or the transfers left the Debtors insolvent; left the Debtors with unreasonably small capital; or incurred or intended to incur debts that the Debtors could not pay. Both Counts X and XI plead sufficient facts to survive these motions to dismiss. Finally, the Defendants allege that Count XII, breach of contract, is redundant and should be dismissed. The Court does not believe that being redundant, if it is, is grounds for dismissal under Rule 12(b)(6) for failing to state a claim.

## CONCLUSION

For all of the above reasons, the Defendants' motions to dismiss Counts VII, VIII, IX, X, XI and XII of the complaints are denied. The Court hereby schedules a status conference in these matters, which

will be held on *March 6, 2007, at 10:30 a.m.* at the United States Bankruptcy Court, 1000 Elm Street, Courtroom 1, Manchester, New Hampshire.

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion. DATED this 9th day of February, 2007, at Manchester, New Hampshire.